MOSES & SINGER LLP
Alan Kolod (AK 3108)
Alan E. Gamza (AG 2014)
Philippe Zimmerman (PZ 7744)
1301 Avenue of the Americas
New York, New York 10019
(212) 554-7800

LAW OFFICES OF MICHAEL A. GOLDFARB
Michael A. Goldfarb (MG-6497)
1150 Market Place Tower
2025 First Avenue
Seattle, Washington 98121
(206) 374-7090

Counsel for Public Utility District No. 1
of Snohomish County, Washington

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ENRON CORP, et al.,<br><br>                Debtors. | Chapter 11<br>Case No. 01-16034 (AJG)<br>Jointly Administered |
| ENRON POWER MARKETING, INC.,<br><br>                Plaintiff,<br><br>   v.<br><br>PUBLIC UTILITY DISTRICT NO. 1 OF<br>SNOHOMISH COUNTY,<br><br>                Defendant. | Adv. Pro. No. 03-02064 (AJG) |

**PUBLIC UTILITY DISTRICT NO. 1 OF SNOHOMISH COUNTY
WASHINGTON'S DESIGNATION OF RECORD ON APPEAL AND
<u>STATEMENT OF ISSUES TO BE PRESENTED</u>**

      Public Utility District No. 1 of Snohomish County, Washington ("Snohomish"),

pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby provides its

446225v3  008922.0101

(i) designation of the items to be included in the record on appeal and (ii) statement of the issues to be presented on appeal with respect to the Order entered by the United States Bankruptcy Court for the Southern District of New York on January 14, 2005 denying the Motion of Enron Power Marketing, Inc. for an order (1) Enforcing the Automatic Stay and the Court's Mediation Order, (2) Enjoining the Public Utility District No. 1 of Snohomish County from Seeking Clarification from the FERC (Docket No. 30).

    A.    **<u>Designation of Record</u>**

The following items are to be included in the record on appeal:

1. Motion of Enron Power Marketing, Inc. for an Order (1) Enforcing the Automatic Stay and the Court's Mediation Order and (2) Enjoining Public Utility District No. 1 of Snohomish County from Seeking Clarification from the FERC (Docket No. 19);

2. Memorandum of Law in Support of Enron Power Marketing, Inc.'s Motion for an Order (1) Enforcing the Automatic Stay and the Court's Mediation Order and (2) Enjoining Public Utility District No. 1 of Snohomish County from Seeking Clarification from the FERC (Docket No. 17);

3. Affidavit of Jonathan D. Polkes in Support of Enron Power Marketing, Inc.'s Motion for an Order (1) Enforcing the Automatic Stay and the Court's Mediation Order and (2) Enjoining the Public Utility District No. 1 of Snohomish County from Seeking Clarification from the FERC (Docket No. 18);

4. Memorandum of Law in Opposition to the Motions of Enron Power Marketing, Inc. and Enron North America Corp. for Orders (1) Enforcing the Automatic Stay and the Court's First Amended Order Governing Mediation of Trading Cases and (2) Enjoining Palo Alto and Snohomish from Seeking Clarification from the Federal Energy Regulatory Commission Regarding its July 22, 2004 Order (Docket No. 23);

5. Public Utility District No. 1 of Snohomish County, Washington's Counterstatement of Facts in Opposition to Enron Power Marketing, Inc.'s Motion for an Order (1) Enforcing the Automatic Stay and the Court's Mediation Order and (2) Enjoining the Public Utility District No. 1 of Snohomish County from Seeking Clarification from the FERC (Docket No. 24);

6.     Declaration of Philippe Zimmerman, with attached exhibits A through E (Docket No. 25);

7.     Affidavit of Eric L. Christensen, with attached exhibits 1 through 33 (Docket No. 26);

8.     Memorandum of Law in Reply to City of Palo Alto's and Public Utility District No. 1 of Snohomish County's Memorandum of Law in Opposition to Enron Power Marketing, Inc.'s and Enron North America Corp.'s Motion for an Order (1) Enforcing the Automatic Stay and the Court's Mediation Order and (2) Enjoining the City of Palo Alto and Public Utility District No. 1 of Snohomish County from Seeking Clarification from the FERC (Docket No. 28);

9.     Transcript of December 21, 2004 Hearing re motion filed by Enron Power Marketing, Inc. for an order (i) enforcing the automatic stay and (ii) enjoining Public Utility District No. 1 of Snohomish County from seeking Clarification from the FERC (Case No. 01-16034, Docket No. 22856);

10.    Order (i) Granting Motion by Enron Power Marketing, Inc. Seeking an Order Enforcing the Automatic Stay, and (ii) Denying Motion by Enron Power Marketing, Inc. Seeking to Compel Public Utility District No. 1 of Snohomish County to Withdraw its Request for Clarification, Dated August 4, 2004, Pending Before FERC ( Docket No. 30).

11.    Notice of Appeal, dated January 24, 2005 (Docket No. 32); and

12.    Amended Notice of Appeal, dated January 25, 2005 (Docket No. 34).

B.     **Statement of Issues**

1.     Did the Bankruptcy Court err in ruling that "to the extent that FERC were to undertake to interpret the terms of the Agreement or to determine the rights of the parties under the terms of the Agreement, any such action would be void *ab initio*" where FERC has made no such ruling(s) and the Court's Order is prospective, and is not necessary to reach the denial of EPMI's Motion?

2.     Did the Bankruptcy Court err in ruling that Snohomish's request to annul the automatic stay is denied, where that request was made only in the alternative if the Court found a violation of the automatic stay under 11 U.S.C. 362(a), which the Court did not, rendering Snohomish's request to annul the stay moot?

3.     Did the Bankruptcy Court err in seeking to limit FERC's ability to act in an administrative proceeding within FERC's exclusive jurisdiction by ruling that "to the extent that FERC were to undertake to interpret the

terms of the Agreement or to determine the rights of the parties under the terms of the Agreement, any such action would be void *ab initio*"?

4. Did the Bankruptcy Court err in concluding that an ongoing nonfinal administrative proceeding (or a particular pleading therein) is subject to the automatic stay under 11 U.S.C. 362(a)?

5. Did the Bankruptcy Court err in concluding that a Bankruptcy Court may determine if an administrative proceeding (or a particular pleading therein) is subject to the automatic stay under 11 U.S.C. 362(a)?

6. Did the Bankruptcy Court err in finding that a regulatory agency's consideration of issues of contract interpretation in a matter subject to the concurrent jurisdiction of the agency and the courts would necessarily violate the automatic stay under 11 U.S.C. 362(a) and, therefore, be void *ab initio*?

Dated: February 3, 2005.
New York, New York.

MOSES & SINGER LLP

By: ___/s/ Alan E. Gamza___
Alan E. Gamza (AG-2014)
Alan Kolod (AK-3108)
Philippe Zimmerman (PZ-7744)
1301 Avenue of the Americas
New York, New York 10019-6076
(212) 554-7800

and

Michael A. Goldfarb (MG-6497)
LAW OFFICES OF MICHAEL A. GOLDFARB
1150 Market Place Tower
2025 First Avenue
Seattle, Washington 98121
(206) 374-7090

Counsel for Public Utility District No. 1 of Snohomish County, Washington